UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

TYRONE HOLLOWAY, :
:
        Plaintiff, :
  v. : No. 2:16-cv-03779
:
ERIC FEDER; RUFUS SETH WILLIAMS; :
CHARLES H. RAMSEY, :
:
        Defendants. :
_____

**O P I N I O N**

**Defendant Feder's Motion to Dismiss, ECF No. 10 - Granted**
**Defendant Williams's Motion to Dismiss, ECF No. 13 - Granted**
**Defendant Ramsey's Motion for Judgment on the Pleadings, ECF No. 14 - Granted**

**Joseph F. Leeson, Jr.**                                                       **August 22, 2017**
**United States District Judge**

**I. Introduction**

Plaintiff Tyrone Holloway filed this pro se action against Defendants Eric Feder, Deputy Court Administrator and Director of the Office of Judicial Records for the First Judicial District ("FJD"); Rufus Seth Williams, then-District Attorney of Philadelphia County; and Charles H. Ramsey, Commissioner of the Philadelphia Police Department. The Defendants have each moved to dismiss Holloway's Complaint.[1] Because Holloway's federal claims are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), the motions are granted and the Complaint is dismissed with prejudice.

---

[1] Defendants Feder and Williams each filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Defendant Ramsey filed a motion for judgment on the pleadings under Rule 12(c).

1

## II. Background

According to the Complaint, in April 1992 Holloway was convicted in the Philadelphia County Court of Common Pleas of first degree murder and possessing instruments of crime. Compl. ¶¶ 8-9, ECF No. 1. He was sentenced to life imprisonment. Compl. ¶ 9. In 1998, Holloway challenged his conviction by way of the Pennsylvania Post-Conviction Relief Act, but his challenge was dismissed. *See* Compl. ¶¶ 10-17. In 2002, Holloway filed a petition for writ of habeas corpus in federal court. Compl. ¶ 19. The petition was denied,[2] and in 2004 the Court of Appeals for the Third Circuit denied his request for a certificate of appealability. *See id.*

Here, Holloway alleges that the Defendants "have continued to conspire in a continuing wrong to deny [him] access to relevant, material, and exculpatory evidence by not employing procedures whereby [he] may examine, copy, or otherwise retrieve the information requested and by failing to provide [him] with the evidence [requested]." Compl. ¶ 36. Further, the Defendants allegedly "have and continue to interfere with [Holloway] in obtaining witnesses in his favor by not employing procedures whereby [he] may examine, copy, or otherwise retrieve relevant, material, and exculpatory evidence against him" and by "presenting false testimony that the District[] Attorney's case file regarding the plaintiff could not be reproduced or reconstructed." Compl. ¶¶ 44-45.[3] In particular, Holloway states that he seeks records and materials concerning a prosecution witness named Althea Timmons, *see* Compl. Wherefore Clause ¶ B,[4] and alleges

---

[2] *See Holloway v. Kyler*, No. 2:02-cv-06701, slip op. (E.D. Pa. June 25, 2003).

[3] In addition to his allegations concerning the Defendants' ongoing failure to produce certain materials, Holloway also alleges that Defendants Feder, Williams, and Ramsey "present[ed] false testimony and misleading evidence at [his] trial on April 21, 1992," Compl. ¶ 51, but he does not elaborate on the nature of this testimony.

[4] He seeks police "activity sheets" concerning Timmons's pretrial statements, "neighborhood survey reports" concerning Timmons, and other materials related to Timmons. *Id.*

2

that without these materials, he "is unable to present his claims of innocence to a court of law," Compl. ¶ 32.[5]

Holloway contends that the Defendants' conduct, "in depriving [him] the information necessary for him to prove his innocence, and/or in failing to prevent said deprivation, constituted a denial of [his] rights to Due Process, Access to the Courts, and Equal Protection under the Law in violation of the First, and Fourteenth Amendment of the United States Constitution." Compl. ¶ 47. In addition, he contends that the Defendants' conduct has also violated his right to obtain witnesses under the Sixth Amendment, Compl. ¶ 50, and "constitutes the tort of negligence under the law of Pennsylvania," Compl. ¶ 53.

Holloway seeks a declaratory judgment stating that the Defendants have violated his rights; an injunction ordering the Defendants to arrange for Holloway to examine or copy all records related to Althea Timmons; and compensatory and punitive damages.

### III. Standard of Review: Motion to Dismiss and Motion for Judgment on the Pleadings

"To survive a motion to dismiss under Federal Rule of Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

---

[5] Holloway's Complaint does not contain any information about any efforts he made to obtain the materials in question. But in his response to Defendant Feder's Motion to Dismiss, Holloway alleges that in November 2015 he filed a request to the Philadelphia Office of Judicial Records seeking materials related to Althea Timmons's testimony and that the Office responded that the documents must be requested directly from the Philadelphia Police Department. Pl.'s Resp. Def. Feder's Mot ¶ 11, ECF No. 12. Holloway thereafter filed a Pennsylvania Right-to-Know Act request with the Philadelphia Police Department for documents, which was denied, and a similar request with the City of Philadelphia Records Department, which was also denied. *Id.* ¶¶ 12-13. To the extent that Holloway is alleging a violation of Pennsylvania's Right-to-Know Act, this Court lacks jurisdiction over any such claim. *See Hill v. Supervisor*, No. CIV. A. 97-4996, 1998 WL 175879, at *2 (E.D. Pa. Apr. 8, 1998) ("The state courts provide the exclusive forum for litigating claims under [the Pennsylvania Right-to-Know] statute.").

550 U.S. 544, 570 (2007)). Pursuant to Rule 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Rule 12(b)(6) motions to dismiss and Rule 12(c) motions for judgment on the pleadings for failure to state a claim are judged according to the same standard." *Gebhart v. Steffen*, 574 F. App'x 156, 158 (3d Cir. 2014).

**IV.      Holloway's claims are not cognizable under 42 U.S.C. § 1983 because they are barred by *Heck v. Humphrey*.**

Section 1983 provides a cause of action against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. In *Heck v. Humphrey*, the Supreme Court held that a § 1983 action is not cognizable if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. 477, 487 (1994). Further, absent a conviction being previously invalidated, a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). "He must seek federal habeas corpus relief (or appropriate state relief) instead." *Id.*

Although Holloway never expressly asserts that the Defendants' alleged conduct constitutes a *Brady* violation, the *gravamen* of his Complaint is that exculpatory evidence was withheld from him during trial and continues to be withheld from him. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) (holding that the withholding of exculpatory evidence upon request violates due process). Because the relief Holloway seeks would necessarily call into question the validity of his conviction, he must assert his claim by way of a habeas corpus petition. *See*

4

*Skinner v. Switzer*, 562 U.S. 521, 536 (2011) ("*Brady* claims have ranked within the traditional core of habeas corpus and outside the province of § 1983."); *Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 77 (2009) (Alito, J., concurring) ("[A] state prisoner's claim under [*Brady*] must be brought in habeas because that claim, if proved, would invalidate the judgment of conviction or sentence (and thus the lawfulness of the inmate's confinement)."); *Wells v. Varner*, No. 2:15-MC-00035, 2016 WL 1449247, at *3 (E.D. Pa. Apr. 13, 2016), *certificate of appealability denied* (Sept. 8, 2016) (dismissing prisoner's § 1983 claims alleging that the government was withholding access to exculpatory materials because the claims necessarily called his state court conviction into question and therefore had to be asserted in a habeas corpus petition); *Narducci v. Timoney*, No. CIV A 99-CV-3933, 1999 WL 961221, at *6 (E.D. Pa. Oct. 15, 1999) (finding that although the plaintiff "seems to have framed his suit as one for discovery of certain Philadelphia Police 'activity sheets'" that he alleges would enable him to prove his innocence, he was "essentially alleging the invalidity of his conviction" and thus was barred by *Heck* from bringing his claim under § 1983).[6]

---

[6] In his Response to Defendant Williams's motion, Holloway contends that this action is not barred by *Heck* because "the jury in [his] state court trial was thoroughly apprised of the material alleged by the complaint to be withheld by Defendant" but convicted him nevertheless. Pl.'s Resp. Def. Williams Mot. 3, ECF No. 15. Accordingly, Holloway contends that his claims "even if successful, would not demonstrate the invalidity of any outstanding criminal judgment against [him]." *Id.* These contentions contradict the allegations in the Complaint that the Defendants are withholding and continue to withhold material and exculpatory evidence that would enable Holloway to prove his innocence. They also undermine Holloway's contention that the Defendants violated his constitutional rights by withholding this evidence. *See Wells v. Dist. Attorney's Office of Phila. Cty.*, 266 F. App'x 187, 188–89 (3d Cir. 2008) ("To the extent that [the plaintiff] specified a violation—the alleged deprivation of exculpatory evidence—he faces a Catch 22. To succeed on such a claim under § 1983, he would have to show that Defendants deprived him of material, exculpatory evidence. . . . However, if he made such a showing, it would imply the invalidity of his conviction and bar him from relief" under *Heck*.).

5

Consequently, the Court does not have jurisdiction to address Holloway's claims under § 1983, and this action is dismissed without leave to amend. *See Tindell v. Pennsylvania*, 398 F. App'x. 696, 698 (3d Cir. 2010) (finding that the district court was correct to dismiss the § 1983 complaint without leave to amend because plaintiff "advances no cognizable § 1983 claim but is instead asserting a claim that properly lies within the realm of habeas corpus").[7]

**V.     Conclusion**

For the reasons set forth herein, Holloway's claims are dismissed. A separate order follows.

BY THE COURT

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[7]     In his Complaint, Holloway states that he is seeking relief not only under § 1983 but also §§ 1985 and 1986. His claims under these sections are also dismissed. *See Saunders v. Bright*, 281 F. App'x 83, 84 n.4 (3d Cir. 2008) (affirming district court's conclusion that "to the extent that [the plaintiff] sought to include causes of action under 42 U.S.C. §§ 1981, 1985 and 1986, *Heck* applied there as well, because the logic of *Heck* is that civil rights suits, like common law tort suits, are not an appropriate means for challenging the validity of outstanding criminal judgments").

Finally, having dismissed Holloway's federal claims, the Court declines to exercise supplemental jurisdiction over his state-law negligence claim. *See Eberts v. Wert*, No. 92-CV-3913, 1993 WL 304111, at *5 (E.D. Pa. Aug. 9, 1993), *aff'd*, 22 F.3d 301 (3d Cir. 1994) ("Courts should ordinarily decline to exercise supplemental jurisdiction over state law claims when the federal claims are dismissed.").